ON MOTION FOR SUPERSE-DEAS BOND
SPECTOR, Judge.
Appellant has filed a motion for superse-deas bond in this court pending our consideration of his appeal from a conviction and twenty-five-year sentence imposed upon him for robbery committed in Duval County, Florida. By his motion, we are advised that he also sought supersedeas from the court below, which denied same.
In June, 1967, appellant was charged with the crime of larceny of an automobile. He was tried in February of 1968. A jury found him guilty, and he was subsequently sentenced to imprisonment. The trial judge in that action, which was case No. 67-3048, set supersedeas bond in the amount of $10,000 pending our consideration of his appeal. While appellant was thusly permitted to remain at large during his appeal, he committed a robbery on January 28, 1969, with which offense he was duly charged and subsequently convicted and sentenced to twenty-five years in prison. His first appeal in the larceny case was affirmed by this court on September 11, 1969, by a decision reported at 226 So. 2d 348.
Of course, appellant did not consider it important to advise the court that the robbery for which he was convicted in this case was committed while he was at large on supersedeas bond in the case which we affirmed against him on September 11, 1969, supra. We assume that such omission was an oversight by appellant.
The trial judge was quite correct in denying bond pending this appeal in view of appellant’s lack of appreciation of his obligations to society while his earlier appeal was pending. No abuse of discretion has been shown by the appellant in the trial court’s denial of bond pending appeal. That appellant was granted supersedeas bond pending appeal in the first case is no reason to repeat the mistake in this one.
Accordingly, the motion for bond pending appeal is denied on authority of Boat-wright v. State, 213 So.2d 622 (Fla.App. 1st, 1968).
JOHNSON, C. J., and WIGGINTON, J., concur.